## A. H. Willard v. Christ Zehr.

1. PLEA—*what essential to a good.* A plea to be good must state facts from which as a conclusion of law the court can see that a defense to the suit either in bar or abatement arises.

2. PLEA OF ABATEMENT—*when, defective.* A plea of abatement setting up a conspiracy by which the defendant was indicted. brought into the county by *capias* and there served, is defective in failing by averment to connect the plaintiff with the conspiracy set up.

Action of assumpsit. Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

F. J. QUINN, W. B. CARLOCK and WILLIAM A. POTTS, for appellant.

W. R. CURRAN, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit in assumpsit by appellee, Zehr, against appellant, Willard. Willard filed the following plea:

" And the said A. H. Willard, in his own proper person, comes and defends, etc., and says that he is the only defendant in this cause, and that the cause of action herein is not a local action, and that before and at the time of the commencement of said action of the said Christ Zehr against him and at the time of the service of process upon him in said cause, he, the said A. H. Willard, was, and from thence hitherto has been, and still is, residing in the county of Jasper in the State of Missouri, and not in the county of Tazewell and State of Illinois, and that at the time of the service of process upon him in this cause, he was not voluntarily within the said county of Tazewell and State of Illinois, but was then and there under arrest and in the custody of the sheriff of the said county of Tazewell and had been brought from his home in the county of Jasper and State of Missouri, where he then resided and now resides, under arrest upon a capias issued out of the office of the Clerk of the Circuit Court of the county of Tazewell, upon an indictment wrongfully, fraudulently, deceitfully and designedly procured to be returned by the grand jury of the county of Tazewell and State of Illinois, charging him, the said A. H. Willard, with the larceny of certain horses from one James Dean, in this county of Tazewell; and the said defendant avers that the said indictment was wrongfully, fraudulently, deceitfully and designedly procured to be returned by the said grand jury of said Tazewell county, by the wrongful, unlawful, fraudulent and deceitful connivance, procurement, assistance, direction, counsel, aiding and abetting of the said plaintiff herein, Christ Zehr, and one W. H. Miner and the above named James Dean, and their agents, servants and certain attorneys, which certain attorneys referred to, then represented the plaintiff in this cause, and still do, and then did, and still do, represent the other plaintiffs in said other causes, for the wrongful, unlawful, fraudulent and deceitful purpose of bringing the person of the said A. H. Willard into

the said county of Tazewell in the State aforesaid, within
the jurisdiction of said court, for the wrongful, fraudulent
and deceitful purpose of procuring and causing the said proc-
ess in this cause and in another cause then pending in said
court against the said defendant, A. H. Willard, wherein
the said W. H. Miner was plaintiff, to be served upon the
said defendant, A. H. Willard, thereby attempting to se-
cure jurisdiction over the defendant in said causes in this
county of Tazewell, and that pursuant to and in further-
ance of said wrongful, fraudulent and deceitful purpose
and while the said defendant, A. H. Willard, was so wrong-
fully, fraudulently and deceitfully under arrest upon said
capias issued upon said indictment, as aforesaid, and in the
custody of the sheriff of the said county of Tazewell as
aforesaid, and while so wrongfully, fraudulently and de-
ceitfully held and detained in the said county of Tazewell,
as aforesaid, the said summons in said cause was served
upon the said defendant, A. H. Willard, and that subse-
quent to the procuring of the said indictment to be re-
turned into said court, and after the said service of process
upon the said defendant, while he was so under arrest and
in the custody of the sheriff of the said county of Tazewell,
pursuant to said wrongful, fraudulent and deceitful purpose,
as aforesaid, the said Christ Zehr, plaintiff herein, and the
said W. H. Miner and James Dean, by, with and through
the advice and counsel of their same attorneys, caused the
said indictment to be dismissed out of this court.

And the said defendant further avers that at and within
the said county of Jasper, in the State of Missouri, where
the said defendant, A. H. Willard, heretofore and now re-
sides, that there is a Circuit Court which has jurisdiction
of the person of the said defendant, and which may law-
fully have and take cognizance of the aforesaid action, and
this, he, the said defendant, A. H. Willard, is ready to ver-
ify; wherefore he prays judgment if the court will take
cognizance of the aforesaid action."

The plaintiff demurred to the plea and the court sus-
tained the demurrer; defendant abided by his plea and
thereupon his default was entered, the damages assessed,
and judgment rendered against defendant.

The only question before us is the sufficiency of the
above plea. The defendant was served in due form with
the process of the Tazewell Circuit Court. Upon the face,
the writ and return of service are regular. The defendant

by his plea endeavors to show that he was not, within the meaning of the law, "found" in Tazewell county; that the criminal process of the court was used falsely, fraudulently and without any ground therefor, to bring the defendant into Tazewell county, within the jurisdiction of the court, so that service of summons in this cause might be had upon him. Such a plea if properly framed is a good plea. Any plea, to· be good, must state facts from which, as a conclusion of law, the court can see that a defense to the particular suit, either in bar or abatement, arises. Facts must be stated, not conclusions. It is for the court and not for the pleader to draw the conclusion. ·An examination of this plea fails to disclose the allegation of any fact from which it may be seen that the plaintiff, Zehr, or any other person had anything to do with the finding of the indictment, the issuance of capias, the arrest of the defendant, or his detention in Tazewell county. The court committed no error in sustaining the demurrer to the plea.

The judgment is affirmed.

*Affirmed.*